

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
MARCH 28, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | CIVIL ACTION |
| VERSUS | * | NO: 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P., ANDREW R. LEE, ESQ., THOMAS C. KELLER, ESQ., JOHN DOE, JANE DOE, AND ABC INSURANCE COMPANY | * | SECTION: "D"(5) |

Before the court is a **Motion to Remand** filed by Plaintiff, Ann R. Moham ("Moham"). Defendants, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Andrew R. Lee ESQ., Thomas C. Keller, ESQ., John Doe, Jane Doe, and ABC Insurance Company, ("Jones Walker"), have filed a Memorandum in Opposition. The motion, set for hearing on March 22, 2000, is before the court on briefs with out oral argument. Having considered the memoranda of counsel and the applicable law, the court now rules.

**BACKGROUND**

Plaintiff Moham was employed by Jones Walker as a legal

DATE OF ENTRY
MAR 29 2000



secretary.[1] Plaintiff claims that she was discriminated against during her employment, subjected to a hostile work environment, and that her termination was based on race discrimination.[2]

In Plaintiff's state court petition, she alleges that:

> Defendants' actions constitute violations of the anti-discrimination laws of the Civil Code of the State of Louisiana, its Constitution, all pertinent laws, rules and regulations, as well as any applicable Federal laws which may provide this Court jurisdiction to hear a claim, and all municipal laws, rules and regulations.

Plaintiff's Petition at ¶XI. Based on this paragraph, Defendants removed asserting that by the wording of Plaintiff's complaint, Plaintiff is alleging that Defendants violated federal law and that this court has jurisdiction pursuant to 29 U.S.C. §1981.[3]

Plaintiff contends that this constituted an "oblique reference" to federal law and does not provide this court with original jurisdiction.[4] Further, Plaintiff has filed a Second Amended Complaint where "federal law" is deleted from the above paragraph.

## ANALYSIS

An action filed in state court is properly removed by a

---

[1] See Plaintiff's Petition at ¶ III.

[2] See Plaintiff's Petition at ¶¶ VIII-IX.

[3] See Defendants' Notice of Removal at ¶¶7,8. The Court presumes that Defendants refer to 42 U.S.C. ¶¶1981, 1983, and 2000 et seq., addressing federal equal protection, civil rights and equal employment laws.

[4] See Plaintiff's Motion to Remand at ¶3.

2

defendant only if the action could have originally been filed in federal court.[5] Additionally, under the well-pleaded complaint rule, a plaintiff's properly pleaded complaint governs the jurisdictional determination, and if, on its face the complaint contains no issue of federal law, there is no federal question jurisdiction.[6]

Plaintiff's Second Amended Complaint is not considered in determining whether this case was properly removed. Jurisdiction is determined based upon the complaint at the time the petition for removal is filed.[7] The petition for removal in this case was filed before Plaintiff filed the Second Amended Complaint.

The court finds that Plaintiff's reference to federal law in this case does not constitute an "oblique reference" as asserted by Plaintiff. Further, the court finds that this action could have originally been filed in federal court and that the Plaintiff's properly pleaded complaint contains an issue of federal law, thus federal question jurisdiction exists and the case was properly removed.

Because Plaintiff's Second Amended Complaint removes all reference to federal law and dispenses with any federal-law claims

---

[5] See Caterpillar v. Williams, 107 S.Ct. 2425, 2429 (1987).

[6] Id.

[7] See Brown v. Southwestern Bell Telephone Co., 901 F.2d 1250, 1254 (5TH Cir. 1990)(quoting Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939)).

against the Defendants, only state-law claims remain. District courts have wide discretion in determining whether to retain supplemental jurisdiction over state-law claims once federal claims are dismissed.[8] In making this determination, district courts are to consider whether the "plaintiff has attempted to manipulate the forum" and should guard against these attempts by denying motions to remand.[9]

The court finds that Plaintiff has attempted to manipulate the forum by filing her Second Amended Complaint deleting the reference to federal law. Therefore, the court will retain jurisdiction over Plaintiff's state-law claims.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand** be and is hereby **DENIED**.

\* \* \* \*

---

[8] See Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993).

[9] Brown, 901 F.2d at 1255.

4