FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT -2  PM 2: 38

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
SEPTEMBER 28, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | CIVIL ACTION |
| VERSUS | * | NO: 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P., ET AL | * | SECTION: "D"(5) |

Before the court is the **"Motion for Summary Judgment"** filed by
Defendants, Jones, Walker, Waechter, Poitevent, Carrere & Denegre,
L.L.P., Andrew R. Lee, and Thomas C. Keller, who seek dismissal of
Plaintiff's state-law wage disparity claim as time-barred.
Plaintiff, Ann R. Moham, filed a memorandum in opposition. The
motion, set for hearing on Wednesday, September 6, 2000, is before
the court on briefs, without oral argument.

Having reviewed the memoranda of counsel and the applicable
law, the court finds that there are no genuine issues of material
fact and Defendants are entitled to dismissal of Plaintiff's state-
law wage disparity claim as a matter of law. Plaintiff, an
African-American, began working for Jones Walker as a legal

DATE OF ENTRY
OCT 3  2000



secretary on or about July 17, 1997. (Baham Affidavit). At Jones Walker, all legal secretaries are considered for a pay raise on an annual basis during the anniversary month of each individual legal secretary's hire. *Id*. The last time Plaintiff was considered for a pay raise was during the month of July, 1998. *Id*.

Jones Walker terminated Plaintiff's employment on or about April 26, 1999. *Id*. Plaintiff filed this suit in state court on December 1, 1999, alleging among other things that she was paid less than similarly situated non-African American employees who she claims were doing the same job with fewer skills and less seniority. (Petition, ¶ VIII). Plaintiff also alleges that she never received a pay increase or evaluation during her employment at Jones Walker. *Id*.

In her Affidavit attached to her opposition, Plaintiff attests in part:

> 5. In 1998, three new white secretaries were hired in my section. By December 1998, when the third secretary was hired, I noted that she was treated differently and more favorably than I was when I arrived (formally welcomed, taken to lunch, allowed privileges and Freedoms I was not allowed). It was at that time, that I began to have strong feelings that I was singled out for unfavorable treatment, was definitely not treated the same as the white secretaries, and might not be making the same money for the same work.

> 9. I had no knowledge or reason to suspect that I was making less money for comparable work done by other legal secretaries until after December 1, 1998.

2

Under Louisiana Civil Code Article 3492, Plaintiff had one year to bring her wage disparity claim. *Jay v. International Salt*, 868 F.2d 179, 180 (5th Cir. 1989). Further, the year started to run on the date the alleged discriminatory act occurred (i.e., at the latest, **in July 1998** on Plaintiff's anniversary date of hire), and not on the date when the Plaintiff first perceived that a discriminatory motive caused the act (i.e., in December 1998 as Plaintiff attests). *Delaware State College v. Ricks*, 449 U.S. 250, 257-58 (1980); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992); *Jay*, 868 F.2d at 181; *Merrill v. Southern Methodist University*, 806 F.2d 600, 605 (5th Cir. 1986).

> To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints.

*Pacheco*, 966 F.2d at 906.

Because Plaintiff did not file suit until more than one year later on **December 1, 1999**, Plaintiff's wage disparity claim is time-barred. While Plaintiff states in her Affidavit that she did not "[begin] to have strong feelings that [she] was singled out for unfavorable treatment" until December 1998, such perception will not breathe life into her stale wage disparity claim, because it is undisputed that the alleged discrete act of discrimination occurred (at the latest) when Plaintiff did not get a pay raise in **July 1998**.

3

The court also rejects Plaintiff's argument that her wage disparity claim is based on a continuing violation to avoid the applicable time-bar. Plaintiff admits that her initial salary was based on her own representation of her minimum required pay in July 1997, which was not increased on the anniversary of her employment. But Plaintiff has failed to alleged or "demonstrate more than a series of discriminatory acts" which is needed for a continuing violation. *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). Finally, Plaintiff is not allowed to bootstrap her wage disparity claim to her hostile work environment claim to bring it within the limitations period. *Id.*

Accordingly;

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment** be and is hereby **GRANTED**, dismissing Plaintiff's state-law wage disparity claim.

\* \* \* \* \* \*

4