FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV -9 PM 1:17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

ANN R. MOHAM                *       CIVIL DOCKET

VS                          *       NO. 00-0382

JONES, WALKER, WAECHTER,    *       SECTION "D" (5)
POITEVANT, CARRERE & DENEGRE, L.L.P., ET AL
* * * * * * * * * * * * * * * *

### UNOPPOSED MOTION AND INCORPORATED MEMORANDUM TO CONTINUE TRIAL AND DEADLINE DATES

NOW INTO COURT, through undersigned counsel, comes petitioner, Ann Moham, and moves this Court for an order continuing the trial of this matter and extending the deadlines for discovery and other pretrial matters for the following reasons:

1. A preliminary conference was held in this matter in the Spring, 2000.

2. On May 16, 2000, petitioner propounded her first discovery to defendants.

3. On or about June 28, 2000, petitioner received defendants discovery responses.

4. On July 18, 2000, petitioner sent correspondence to defendants advising that petitioner disagreed with certain objections made by defendants to said discovery.

5. The parties then corresponded at least twice in an effort to resolve their discovery differences, to no avail.

6. A local rule conference was then set for August 3, 2000, and, after said conference, some of the discovery problems were resolved

DATE OF ENTRY
NOV 13 2000

1

Fee____
Process____
X/Dktd____
____CtRmDep
Doc.No. 34

and defendants provided more answers, but a Motion to Compel was still necessary and filed.

7. Said Motion to Compel discovery was set for hearing before Magistrate Alma Chasez for August 30, 2000. The magistrate ordered defendants to supply certain narrowly defined discovery within a certain time period, and advised the parties to do a Rule 30(b)(6) deposition after said narrowly defined discovery was supplied, and then return to the magistrate for a determination on the remaining discovery issues (ruling on which was put off by the magistrate until after the Rule 30(b)(6) deposition, which was put off until after the initial discovery was provided).

8. Defendants then filed a Motion to Stay Magistrates' Ruling and appealed the magistrate's discovery ruling to the District Court on September 15, 2000, stating that the magistrate entered an order on September 1, and that defendants received said notice on September 5, 2000.

9. On October 5, 2000, this Court entered an order upholding the magistrate's discovery ruling. Thereafter, defendants sent to petitioner a protective order, which petitioner signed.

10. After said executed protective order was provided to defendants, defendants then requested more time to complete the discovery ruled discoverable by the magistrate's September 1, 2000, order.

11. On October 23, 2000, defendants advised that the discovery was complete and delivered the discovery to a copier of their choice.

12. Petitioner then contacted said copier and had the copies made, paid for the copies and had them delivered to petitioner's counsel.

13. Petitioner did not receive the discovery subject of the magistrate's September 1, 2000, ruling (and requested in May, 2000) until on or about November 1, 2000. Said discovery is approximately 1500 pages of material.

14. Trial is set for January 2001, the current discovery deadline is currently set for early December. It is not November 8, 2000, at the time of the writing of this motion.

15. Still to do is the Rule 30(b)(6) deposition, after which the parties are to appear before the magistrate again re remaining discovery issues created by defendants' objections to petitioner's initial May, 2000, discovery requests. Petitioner must then do follow-up paper discovery based on the responses to the May 2000 discovery requests, more depositions after the second discovery requests, and anticipated more objections to discovery, hearings before the magistrate, and likely requests for stay orders by defendant and appeals to the district judge.

16. In spite of due diligence by both parties, these matters cannot possibly be completed within the current deadlines and this case ready for trial in January 2000.

17. Petitioner therefore requests a continuance of the trial in this matter and an extension of the discovery and other pre-trial deadlines.

18. Defendants do not object to a continuance.

Respectfully Submitted:

_____
John-Michael Lawrence   (8143)
A Professional Law Corp.
Energy Center - Suite 2900
1100 Padres Street
New Orleans, La. 70163-2900
(504) 585-7797

## CERTIFICATE OF SERVICE

*Client advised + furnished copy.* /s/

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by **MAIL AND FAX** to each properly addressed and postage prepaid on November 9, 2000

_____

Considering the foregoing,

IT IS HEREBY ORDERED THAT THE TRIAL IN THIS MATTER, currently set for January 31, 2001, be continued and that a preliminary conference be set for the ____ day of _____, 2000, to select a new trial date and new pre-trial deadlines, for the following reasons:

1. A preliminary conference was held in this matter in the Spring, 2000.

2. On May 16, 2000, petitioner propounded her first discovery to defendants.

3. On or about June 28, 2000, petitioner received defendants discovery responses.

4. On July 18, 2000, petitioner sent correspondence to defendants advising that petitioner disagreed with certain objections made by defendants to said discovery.

5. The parties then corresponded at least twice in an effort to resolve their discovery differences, to no avail.

6. A local rule conference was then set for August 3, 2000, and, after said conference, some of the discovery problems were resolved and defendants provided more answers, but a Motion to Compel was still necessary and filed.

7. Said Motion to Compel discovery was set for hearing before Magistrate Alma Chasez for August 30, 2000. The magistrate ordered defendants to supply certain narrowly defined discovery within a certain time period, and advised the parties to do a Rule 30(b)(6) deposition after said narrowly defined discovery was supplied, and then return to the magistrate for a determination on the remaining discovery issues (ruling on which was put off by the magistrate until after the Rule 30(b)(6) deposition, which was put off until after the initial discovery was provided).

8. Defendants then filed a Motion to Stay Magistrates' Ruling and appealed the magistrate's discovery ruling to the District Court on September 15, 2000, stating that the magistrate entered an order on September 1, and that defendants received said notice on September 5, 2000.

9. On October 5, 2000, this Court entered an order upholding the magistrate's discovery ruling. Thereafter, defendants sent to petitioner a protective order, which petitioner signed.

10. After said executed protective order was provided to defendants, defendants then requested more time to complete the discovery ruled discoverable by the magistrate's September 1, 2000, order.

11. On October 23, 2000, defendants advised that the discovery was complete and delivered the discovery to a copier of their choice.

12. Petitioner then contacted said copier and had the copies made, paid for the copies and had them delivered to petitioner's counsel.

13. Petitioner did not receive the discovery subject of the magistrate's September 1, 2000, ruling (and requested in May, 2000) until on or about November 1, 2000. Said discovery is approximately 1500 pages of material.

14. Trial is set for January 2001, the current discovery deadline is currently set for early December. It is not November 8, 2000, at the time of the writing of this motion.

15. Still to do is the Rule 30(b)(6) deposition, after which the parties are to appear before the magistrate again re remaining discovery issues created by defendants' objections to petitioner's initial May, 2000, discovery requests. Petitioner must then do follow-up paper discovery based on the responses to the May 2000 discovery requests, more depositions after the second discovery requests, and anticipates more objections to discovery, hearings before the magistrate, and likely additional requests for stay orders by defendant and appeals to the district judge.

16. In spite of due diligence by both parties, these matters cannot possibly be completed within the current deadlines and this case ready for trial in January 2000.

17. Petitioner therefore requests a continuance of the trial in this matter and an extension of the discovery and other pre-trial deadlines.

18. Defendants do not object to a continuance.

New Orleans, Louisiana, this the ____ day of November, 2000.

_____
DISTRICT COURT JUDGE

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | CIVIL DOCKET |
| VS | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVANT, CARRERE & DENEGRE, L.L.P., ET AL | * | SECTION "D" (5) |

* * * * * * * * * * * * * * * * *

**ORDER**

Considering the foregoing Motion, and because the Court finds the ends of justice require the granting of the foregoing Motion to Continue Trial,

IT IS HEREBY ORDERED that the trial in the above captioned matter, currently set for January 31, 2001, be continued, and that a telephone preliminary conference by held the 5th day of December, 2000, at 11:15 A.M., to pick new pre-trial deadlines, for the following reasons:

1. A preliminary conference was held in this matter in the Spring, 2000.

2. On May 16, 2000, petitioner propounded her first discovery to defendants.

3. On or about June 28, 2000, petitioner received defendants discovery responses.

4. On July 18, 2000, petitioner sent correspondence to defendants advising that petitioner disagreed with certain objections made by defendants to said discovery.

5. The parties then corresponded at least twice in an effort to resolve their discovery differences, to no avail.

6. A local rule conference was then set for August 3, 2000, and, after said conference, some of the discovery problems were resolved and defendants provided more answers, but a Motion to Compel was still necessary and filed.

5

7.   Said Motion to Compel discovery was set for hearing before Magistrate Alma Chasez for August 30, 2000.  The magistrate ordered defendants to supply certain narrowly defined discovery within a certain time period, and advised the parties to do a Rule 30(b)(6) deposition after said narrowly defined discovery was supplied, and then return to the magistrate for a determination on the remaining discovery issues (ruling on which was put off by the magistrate until after the Rule 30(b)(6) deposition, which was put off until after the initial discovery was provided).

8.   Defendants then filed a Motion to Stay Magistrates' Ruling and appealed the magistrate's discovery ruling to the District Court on September 15, 2000, stating that the magistrate entered an order on September 1, and that defendants received said notice on September 5, 2000.

9.   On October 5, 2000, this Court entered an order upholding the magistrate's discovery ruling.  Thereafter, defendants sent to petitioner a protective order, which petitioner signed.

10.   After said executed protective order was provided to defendants, defendants then requested more time to complete the discovery ruled discoverable by the magistrate's September 1, 2000, order.

11.   On October 23, 2000, defendants advised that the discovery was complete and delivered the discovery to a copier of their choice.

12.   Petitioner then contacted said copier and had the copies made, paid for the copies and had them delivered to petitioner's counsel.

13.   Petitioner did not receive the discovery subject of the magistrate's September 1, 2000, ruling (and requested in May, 2000) until on or about November 1, 2000.  Said discovery is approximately 1500 pages of material.

14.   Trial is set for January 2001, the current discovery deadline is currently set for early December.  It is not November 8, 2000, at the time of the writing of this motion.

15.   Still to do is the Rule 30(b)(6) deposition, after which the parties are to appear before the magistrate again re remaining discovery issues created by defendants' objections to petitioner's initial May, 2000, discovery requests.  Petitioner must then do follow-up paper discovery

based on the responses to the May 2000 discovery requests, more depositions after the second discovery requests, and anticipates more objections to discovery, hearings before the magistrate, and likely additional requests for stay orders by defendant and appeals to the district judge.

16.  In spite of due diligence by both parties, these matters cannot possibly be completed within the current deadlines and this case ready for trial in January 2000.

17.  Petitioner therefore requests a continuance of the trial in this matter and an extension of the discovery and other pre-trial deadlines.

18.  Defendants do not object to a continuance.

New Orleans, La., this the 9 day of November, 2000.

_____
DISTRICT COURT JUDGE