FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 28 PM 4:39

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | |
| | * | CIVIL ACTION |
| versus | * | |
| | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, | * | |
| CARRERE & DENEGRE, L.L.P., ANDREW | * | SECTION "D" |
| R. LEE, ESQ., THOMAS C. KELLER, ESQ., | * | |
| JOHN DOE, JANE DOE, and ABC INSURANCE | * | MAGISTRATE 5 |
| COMPANY | * | |

## MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO COMPEL DEPOSITION TESTIMONY AND TO RE-URGE PETITIONER'S MOTION TO COMPEL ANSWERS TO FIRST INTERROGATORIES, PRODUCTION REQUESTS AND REQUESTS FOR ADMISSIONS

**MAY IT PLEASE THE COURT:**

**I.  Introduction**

Plaintiff, Ann. R. Moham, has filed a motion to compel written discovery responses and the 30(b)(6) deposition of Defendant, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. ("Jones Walker"), based on a multitude of misrepresentations and improper personal attacks against

N0689590 1



Defendants and their counsel. Plaintiff's motion to compel arises from her failure to cooperate with Defendants to select mutually convenient times for depositions, failure to comply with Federal Rule of Civil Procedure 30(b)(6), and relentless pursuit of discovery relating to her untimely wage disparity claim, which this Court summarily dismissed on October 2, 2000. Under these circumstances, Plaintiff's motion lacks merit and should be denied. Alternatively, this Court should order Plaintiff to limit the scope of her 30(b)(6) deposition notice as requested herein and cooperate with Defendants in selecting a mutually convenient time for the 30(b)(6) deposition of Jones Walker to occur after Plaintiff's own deposition, which she has to date refused to provide.

## II.  Law and Argument

Plaintiff's representation of the procedural history of this matter is grossly inaccurate in many material respects. Plaintiff propounded extensive written discovery requests to Defendants on May 17, 2000. Defendants responded to Plaintiff's discovery requests on June 28, 2000. Plaintiff represents to this Court for the first time that Defendants responded to her discovery requests "nearly two weeks late."[1] However, Plaintiff knows very well that she had previously granted Defendants an extension of time within which to respond to her extensive discovery requests.[2] In fact, Plaintiff never challenged the timeliness of Defendants' discovery responses in her original motion to compel filed on August 11, 2000, which only concerned her contention that Defendants' responses were insufficient. Although Defendants informed Plaintiff of the legal reasons for their objections to the

---

[1] Plaintiff's Motion to Compel, p. 1, ¶ 3.

[2] *See* Exhibit A, June 28, 2000, letter from Ms. Anderson to Mr. Lawrence.

requests at issue, Plaintiff continued to pursue her original motion to compel, which this Court heard and decided as reflected in its September 1 Order.

The Plaintiff argues in her current motion to compel, apparently based on the September 1 Order, that this Court has "ordered" the 30(b)(6) deposition of Jones Walker.[3] The Court's September 1 Order provides as follows:

> The Court pretermits ruling on the Interrogatories and Requests for Admissions at issue pending the Rule 30(b)(6) deposition of Jones, Walker. As for Request for Production of Documents No. 3, defendants are to produce all non-privileged materials responsive to subparts 1 to 10 for plaintiff herself for the time period of January, 1997 through April of 1999. Defendants are to also produce all non-privileged materials responsive to subpart 7 for legal secretaries in the section where plaintiff worked for the same time frame. Any materials withheld on the basis of privilege are to be identified in a privilege log. This is to be accomplished within ten (10) days. The Court is to be notified by September 1, 2000 of any problems that may arise in terms of production.
>
> Plaintiff is to make a formal settlement demand upon defendants.[4]

In fact, the September 1 Order did not compel the 30(b)(6) deposition and cannot be reasonably construed to have done so. To the contrary, this Court deferred ruling on certain disputed discovery

---

[3] Plaintiff's Motion for Expedited Hearing on Motion to Compel Deposition Testimony, p. 1 2 (claiming that Defendants have "delayed the execution of this Court's order to submit to a Rule 30(b)(6) deposition); Plaintiff's Motion to Compel, p. 3, ¶ 12 (claiming that Defendant's 30(b)(6) deposition was "ordered by this Court").

[4] To date, Defendants have made available to Plaintiff for inspection and/or copying nearly 4,000 documents and a privilege log identifying nearly 1,000 documents. Plaintiff's representation that Defendants delivered the discoverable documents to the reproduction service of their choice (without conferring with Plaintiff) is false. Plaintiff's counsel originally demanded that Defendants deliver the original documents to his office. Defendants then referred Plaintiff's counsel to the Federal Rules of Civil Procedure and offered to deliver the documents to a reproduction service of **his** choice. *See* Exhibit B (in globo), October 20, 2000, letter from Mr. Lawrence to Ms. Anderson and October 23, 2000, response from Ms. Anderson. Moreover, Plaintiff has **never** complied with this Court's order to make a settlement demand on Defendants.

requests propounded by Plaintiff, which were impermissibly broad, pending the 30(b)(6) deposition of Jones Walker. Additionally, at the August 30 hearing on Plaintiff's original motion to compel, the Court acknowledged Defendants' then-pending motion for partial summary judgment on Plaintiff's wage disparity claim, which the Court recognized could also affect the viability of the disputed interrogatories and requests for admission. The Court eventually granted Defendants' motion for partial summary judgment on October 2, 2000, and dismissed Plaintiff's wage disparity claim with prejudice.

Despite her failure to respond to Defendants' numerous verbal and written requests for available dates for her own deposition, Plaintiff requested a deposition of "Jones Walker's 30(b)(6) person."[5] Plaintiff did not provide a Rule 30(b)(6) notice or otherwise indicate the subject matters for examination. Defendants' counsel responded in writing requesting that Plaintiff comply with Rule 30(b)(6) in that regard.[6] In that same letter, Defendants' counsel reminded Plaintiff that they were "still awaiting complete responses to our discovery requests propounded to plaintiff on June 16, 2000," as discussed in an earlier Rule 74.1 discovery conference. Defendants also reiterated their request to take Plaintiff's deposition "as soon as possible" upon receipt of complete discovery responses. Without addressing Defendants' request for complete discovery responses or Plaintiff's deposition, Plaintiff unilaterally noticed the 30(b)(6) deposition of Jones Walker to occur on April 25, 2001. Plaintiff also failed to provide Defendants with advance notice of the subject matters upon which testimony was desired so that Defendants could identify the appropriate representatives and ascertain their availability.

---

[5] See Exhibit C, letter from Mr. Lawrence to Ms. Anderson.

[6] See Exhibit D, February 21, 2000, letter from Ms. Anderson to Mr. Lawrence.

Plaintiff's notice also failed to comply with Federal Rules of Civil Procedure 26 and 30(b)(6). Rather than identify discoverable subject matters for the purpose of the deposition, Plaintiff simply reproduced and/or modified prior written discovery requests and attached them to the notice of deposition. As this Court is aware, Defendants had previously objected to many of Plaintiff's written discovery requests and has since obtained partial summary judgment dismissing Plaintiff's wage disparity claim, which renders the vast majority of the objectionable requests irrelevant. Specifically, the following subject matters could not possibly lead to the discovery of admissible evidence because they are directed to Plaintiff's dismissed wage disparity claim:

1. Interrogatories 5-7 (pp. 3-4);

2. Interrogatories 4-5 (p. 4);

3. Requests for Admissions 6-7 and 11-13 (p. 5);

4. Both Requests for Production 4 (there are two requests with the same number) (p. 7); and

5. Request for Production 6 and 12 (p. 8).

Therefore, Plaintiff is not even entitled to examine Defendants on the referenced subject matters.

On April 12, Defendants informed Plaintiff in writing that counsel already had depositions scheduled in Baton Rouge on the date unilaterally selected by Plaintiff.[7] Defendants also notified Plaintiff of their objections to the notice and scheduled a discovery conference under Local Rule 37.1E to discuss the matter. Once again, Defendants reminded Plaintiff that they "have yet to receive available dates from you for plaintiff's deposition" and suggested that the parties select mutually convenient dates at the discovery conference. Plaintiff's counsel responded in writing on April 13

---

[7] *See* Exhibit E, April 12, 2001, letter from Ms. Anderson to Mr. Lawrence.

with the misrepresentations and personal attacks that have become characteristic of the way this action has been pursued on Plaintiff's behalf. Plaintiff's counsel's April 13 letter also reveals that he erroneously believes the sequence of depositions in federal court to be determined by the order in which they are noticed, regardless of when, how, or for what purpose they are noticed.[8] Apparently, Plaintiff's counsel believes that he is now entitled to take the deposition of Jones Walker before submitting Plaintiff for her deposition (even though it has been repeatedly requested and consistently refused) despite his failure to cooperate in the discovery process. The Federal Rules of Civil Procedure simply do not permit a party to benefit from such improper conduct in discovery. This action was initiated by Plaintiff and Defendants are entitled to examine Plaintiff as to the basis, if any, for her claims before submitting to depositions as to their defenses.

Once again, Defendants requested available dates for Plaintiff's deposition at the discovery conference conducted by telephone on April 16. Defendants also enumerated the objections to Plaintiff's designated subject matters and discussed available dates for counsel, with the understanding that counsel would confer with their respective clients and/or representatives and communicate with each other again to select mutually convenient dates. However, Plaintiff again unilaterally noticed the deposition of Jones Walker, this time for June 25, 2001, setting forth the same objectionable subject matter designations. Counsel for Defendants notified Plaintiff of prior depositions scheduled on that date in another matter.[9] Defendants explained that the conflict would

---

[8] *See* Exhibit F, April 13, 2001, letter from Mr. Lawrence to Ms. Anderson (stating that Plaintiff will "take your client's deposition first since it was noticed first"). Under Plaintiff's set of rules, a party could notice an opposing party's deposition prior to conducting any written discovery for the sole purpose of preserving the desired sequence of discovery and without regard to which party filed suit.

[9] *See* Exhibit G, June 18, 2001, letter from Ms. Anderson to Mr. Lawrence.

not have occurred if Plaintiff had simply conferred about available dates in advance and, in a continued effort to cooperate, Defendants provided available dates for depositions in July. Moreover, Defendants for the third time in writing requested available dates for Plaintiff's deposition and, to date, have not received any response. Plaintiff disingenuously suggests to this Court that her unwillingness to submit to a deposition is irrelevant in this matter. Defendants submit, however, that Plaintiff has demonstrated a pattern of willful refusal to provide written discovery and her deposition, to which Defendants are entitled, despite her own unilateral and uncooperative discovery practices in this matter. Under these circumstances, Plaintiff's motion must be denied.

### III. Conclusion

Plaintiff's motion to compel is undermined by her own refusal to cooperate in the discovery process and the improper manner in which she has insisted on pursuing abusive and irrelevant discovery from Defendants. Plaintiff's motion on its face lacks merit and should be denied. Alternatively, this Court should order Plaintiff to cooperate with Defendants by selecting mutually convenient dates for Plaintiff's deposition, to occur before the deposition of Jones Walker or any other Defendant or defense witness, and limit the scope of Plaintiff's 30(b)(6) notice to discoverable matters relating to pending claims in this action.

                Respectfully submitted,

*Jennifer L. Anderson*
H. Mark Adams, T.A. (#02318)
Jennifer L. Anderson (#23620)
**Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed this 28th day of June, 2001. New Orleans, Louisiana.

*Jennifer L. Anderson*

# JONES WALKER
## WAECHTER POITEVENT
## CARRÈRE & DENÈGRE L.L.P.

JENNIFER L. ANDERSON
504-582-8414
FAX 504-582-8583
janderson@jwlaw.com

201 ST. CHARLES AVENUE
NEW ORLEANS, LOUISIANA 70170-5100

June 28, 2000

**VIA HAND DELIVERY**

Mr. John-Michael Lawrence
A Professional Law Corp.
Energy Centre, Suite 2900
1100 Poydras Street
New Orleans, Louisiana 70163-2900

      Re: *Ann R. Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Andrew R. Lee, Esq., Thomas C. Keller, Esq., John Doe, Jane Doe, and ABC Insurance Company,* USDC, EDLA No. 00-0382, Section "D," Mag. 5, Our File No.: 01676/76945-00

Dear Mr. Lawrence:

  As you know, defendants have on this day provided their Responses to Plaintiff's First Interrogatories, Production Requests, and Requests for Admissions to you by hand delivery. Also on this day, I received by certified mail a copy of your June 26, 2000, letter scheduling a discovery conference on July 5 at 10:00 a.m. because you had not yet received defendants' discovery responses. However, prior to the deadline for defendants' responses, I contacted your office to request permission for a brief extension of time within which to respond. Your assistant informed me that you were out until June 28, but subsequently confirmed that you would not oppose an extension for defendants' responses through that time. In light of the representation from your assistant and/or your receipt of defendants' responses on this day, the proposed conference is moot. If you have any questions, please do not hesitate to contact me.

             Very truly yours,

             *Jennifer L. Anderson*

             Jennifer L. Anderson

HMA/mab
Enclosures

**EXHIBIT A**

BATON ROUGE OFFICE: FOUR UNITED PLAZA • 8555 UNITED PLAZA BOULEVARD • BATON ROUGE, LOUISIANA 70809-7000 • 225-231-2000 • FAX 225-231-2010
WASHINGTON, D.C. OFFICE: SUITE 600 • 499 SOUTH CAPITOL STREET, S.W. • WASHINGTON, D.C. 20003 • 202-828-8363 • FAX 202-828-6907
LAFAYETTE OFFICE: SUITE 120 • 500 DOVER BOULEVARD • LAFAYETTE, LOUISIANA 70503 • 337-406-5610 • FAX 337-406-5620

N0529006.1

| | |
|---|---|
| JOHN-MICHAEL LAWRENCE<br>A PROFESSIONAL LAW CORPORATION<br>ATTORNEY AT LAW - NOTARY | ENERGY CENTRE SUITE 2900<br>1100 POYDRAS STREET<br>NEW ORLEANS, LOUISIANA<br>70163-2900<br>(504) 585-7797<br>FAX  (504) 585-7376 |

OCTOBER 20, 2000

Ms. Jennifer Anderson
Jones, Walker
201 St. Charles Ave. - Suite 5100
New Orleans, La.  70170-8000

RE:  ANN R. MOHAM VS JONES, WALKER, WAECHTER, POITEVANT, CARRERE
     & DENEGRE, L.L.P., ET AL
     EDLA NO. 00-0382 SECTION "D" (5)

DEAR JENNIFER:

Enclosed is an executed copy of the stipulated protective order. Appearance at your office to inspect will not be necessary, since all material that has not been claimed to be privileged needs to be turned over. Therefore, without further delay, please deliver all discovery not claimed to be privileged and within the magistrate's order, to my office by the close of business on Monday, October 23, 2000.

WITH BEST REGARDS,

JOHN-MICHAEL LAWRENCE

cc: ANN MOHAM
ENCLOSURE

1



# JONES WALKER
## WAECHTER POITEVENT
## CARRÈRE & DENÈGRE L.L.P.

JENNIFER L. ANDERSON
504-582-8414
FAX 504-582-8583
janderson@jwlaw.com

201 ST. CHARLES AVENUE
NEW ORLEANS, LOUISIANA 70170-5100

October 23, 2000

**VIA FACSIMILE 585-7376**
**AND REGULAR MAIL**
Mr. John-Michael Lawrence
A Professional Law Corp.
Energy Centre - Suite 2900
1100 Poydras Street
New Orleans, Louisiana 70163-2900

      Re:    *Ann R. Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., et al.*, USDC, EDLA No. 00-0382, Section "D," Mag. 5
            Our File No.: 01676/76945-00

Dear Mr. Lawrence:

      I am in receipt of your October 20 letter requesting that we deliver to your office by the close of business today the documents identified in Defendants' Supplemental Response to Request for Production No. 3. As indicated in my letter of October 16, our original documents remain available for your inspection and/or copying at my office upon your request at a mutually convenient time. You may, of course, make arrangements with a third party such as DocuSource to make a copy of the documents at your expense and deliver the copy to your office. Please contact my assistant, Mary Boh, at 582-8259 to make such arrangements. Otherwise, please contact me directly to schedule a mutually convenient time for you to inspect and/or copy the documents at my office. It appears that you have misinterpreted the Court's September 1 ruling to the extent you believe it requires defendants to produce their original documents in your office. The ruling contains no such language and your misinterpretation is contrary to customary rules of discovery in federal court. Again, the documents remain available for your inspection and/or copying upon request at a mutually convenient time.

                                        Very truly yours,

                                        Jennifer L. Anderson

JLA/mab

BATON ROUGE OFFICE: FOUR UNITED PLAZA • 8555 UNITED PLAZA BOULEVARD • BATON ROUGE, LOUISIANA 70809-7000 • 225-231-2000 • FAX 225-231-2010
WASHINGTON, D.C. OFFICE SUITE 600 • 499 SOUTH CAPITOL STREET, S.W. • WASHINGTON, D.C. 20003 • 202-828-8363 • FAX 202-828-6907
LAFAYETTE OFFICE: SUITE 120 • 500 DOVER BOULEVARD • LAFAYETTE, LOUISIANA 70503 • 337-406-5610 • FAX 337-406-5620

N0578108.1

JOHN-MICHAEL LAWRENCE
A PROFESSIONAL LAW CORPORATION
ATTORNEY AT LAW - NOTARY

ENERGY CENTRE SUITE 2900
1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70163-2900
(504) 585-7797
FAX  (504) 282-5698

FAX AND MAIL: 582-8583

Ms. JENNIFER ANDERSON
JONES, WALKER
201 ST. CHARLES AVE. - SUITE 5100
NEW ORLEANS, LA. 70170-8000

RE:   ANN R. MOHAM VS JONES, WALKER, WAECHTER, POITEVANT, CARRERE & DENEGRE, L.L.P., ET AL
      EDLA NO. 00-0382 SECTION "D" (5)

DEAR MS. ANDERSON:

I WOULD LIKE TO TAKE THE DEPOSITION OF JONES WALKER'S 30(B)(6) PERSON IN MID TO LATE MARCH. PLEASE PROVIDE AVAILABLE DATES AT YOUR EARLIEST CONVENIENCE.

WITH BEST REGARDS,

JOHN-MICHAEL LAWRENCE

CC: ANN MOHAM

1


EXHIBIT C

# JONES
# WALKER

Jennifer L. Anderson
Direct Dial 504-582-8414
Direct Fax 504-589-8414
janderson@joneswalker.com

February 21, 2001

Mr. John-Michael Lawrence
A Professional Law Corp.
Energy Centre - Suite 2900
1100 Poydras Street
New Orleans, Louisiana 70163-2900

      Re:    *Ann R. Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.,et al.*, USDC, EDLA No. 00-0382, Section "D," Mag. 5
            Our File No.: 01676/76945-00

Dear Mr. Lawrence:

    I am writing in response to your letter requesting "the deposition of Jones Walker's 30(b)(6) person." If you would like to take a Rule 30(b)(6) deposition, please provide me with a notice in conformity with that rule so I may respond to your request. Additionally, I am still awaiting complete responses to our discovery requests propounded to plaintiff on June 16, 2000. You may recall our Rule 74.1 discovery conference wherein I requested that you reconsider your objections to defendants' Interrogatories 3-5, 8, 17, and 18 and Requests for Production 1, 3-4, 10, and 15-17 as they are not supported by the facts or the law. Among the other information sought, defendants are entitled to information about plaintiff's medical history, both physical and emotional, because she has placed her medical condition at issue in this case. Additionally, defendants are entitled to complete responses to their discovery requests regarding plaintiff's employment and litigation history, as well as her income tax records for the time period requested. Upon receipt of complete responses to our discovery requests, I would like to take plaintiff's deposition as soon as possible. If complete responses are not received in my office by the close of business on March 2, 2001, I will proceed with a motion to compel.

                        Very truly yours,

                        Jennifer L. Anderson

JLA/mab

**EXHIBIT D**

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.
201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000 • FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com
BATON ROUGE   LAFAYETTE   NEW ORLEANS   WASHINGTON, D.C.
N0630339.1

# JONES WALKER

Jennifer L. Anderson
Direct Dial 504-582-8414
Direct Fax 504-589-8414
janderson@joneswalker.com

April 12, 2001

**<u>VIA FACSIMILE 585-7376</u>**
**<u>AND REGULAR MAIL</u>**
Mr. John-Michael Lawrence
A Professional Law Corp.
Energy Centre - Suite 2900
1100 Poydras Street
New Orleans, Louisiana 70163-2900

   Re: *Ann R. Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre,*
     *L.L.P., et al., USDC, EDLA No. 00-0382, Section "D," Mag. 5*
     *Our File No.: 01676/76945-00*

Dear Mr. Lawrence:

  This letter concerns your 30(b)(6) notice of deposition of Jones Walker, which you unilaterally scheduled for April 25, 2001. I am already scheduled to take depositions in Baton Rouge on that date and, therefore, am unavailable. Additionally, the subject matters designated appear to exceed the scope of permissible discovery in numerous respects. Pursuant to Local Rule 37.1E, I will contact you at 1:30 p.m. on Monday, April 16, 2001, in an attempt to resolve this issue. At that time, we can discuss rescheduling the deposition on a mutually convenient date for counsel and the witnesses. Finally, as I have yet to receive available dates from you for plaintiff's deposition, we can select a mutually convenient time for that as well.

          Very truly yours,

          Jennifer L. Anderson

JLA/mab


EXHIBIT E

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000 • FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com

BATON ROUGE LAFAYETTE NEW ORLEANS WASHINGTON, D.C.

N0653243.1

JOHN-MICHAEL LAWRENCE
A PROFESSIONAL LAW CORPORATION
ATTORNEY AT LAW - NOTARY

ENERGY CENTRE SUITE 2900
1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA
70163-2900
(504) 585-7797
FAX (504) 282-5698

APRIL 13, 2001

FAX : 582-8583
REGULAR MAIL
MS. JENNIFER ANDERSON
JONES, WALKER
201 ST. CHARLES AVE. - SUITE 5100
NEW ORLEANS, LA. 70170-8000

RE: ANN R. MOHAM VS JONES, WALKER, ET AL
EDLA NO. 00-0382 SECTION "D" (5)

DEAR MS. ANDERSON:

I AM IN RECEIPT OF YOURS OF APRIL 12, 2001. THE ONLY REASON THE DEPOSITION WAS SET WITHOUT YOUR IN PUT IS BECAUSE YOU FAILED OR REFUSED TO RESPOND TO WRITTEN REQUESTS TO SET A DATE. THIS IS NO DOUBT BY DESIGN AND IN LINE WITH YOUR DELAY TACTICS EVIDENT THROUGHOUT THIS LITIGATION. AS TO THE SCOPE OF THE DEPOSITION, THE COURT SUGGESTED A 30(B)(6) DEPOSITION TO COVER ALL MATTERS REQUESTED. THE COURT DID NOT LIMIT THE AREAS IN THE INITIAL DISCOVERY REQUESTS FOR THE 30(B)(6).

IF YOU WISH TO INSTRUCT YOUR CLIENT NOT TO RESPOND, WE CAN SIMPLY TAKE THAT UP WITH THE COURT AFTER THE DEPOSITION IS TAKEN. SINCE YOU ARE NOW AT THE TABLE TO DISCUSS DATES, AS PREVIOUSLY REQUESTED, WE CAN DISCUSS A DATE TO DO BOTH DEPOSITIONS WITH THE CAVEAT THAT WE TAKE YOUR CLIENT'S DEPOSITION FIRST SINCE IT WAS NOTICED FIRST. I WILL BE AVAILABLE ON MY CELL PHONE FOR THE MONDAY CONFERENCE: 432-7763.

WITH BEST REGARDS,

JOHN-MICHAEL LAWRENCE
CC: ANN MOHAM

1


EXHIBIT F

# JONES WALKER

Jennifer L. Anderson
Direct Dial 504-582-8414
Direct Fax 504-589-8414
janderson@joneswalker.com

June 18, 2001

**VIA FACSIMILE 282-5698**
**AND REGULAR MAIL**
Mr. John-Michael Lawrence
A Professional Law Corp.
Energy Centre - Suite 2900
1100 Poydras Street
New Orleans, Louisiana 70163-2900

    Re: *Ann R. Moham v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., et al.,* USDC, EDLA No. 00-0382, Section "D," Mag. 5
      Our File No.: 01676/76945-00

Dear Mr. Lawrence:

  This letter concerns your unilateral notice of the 30(b)(6) deposition of Jones Walker to occur on April 25, 2001. If you had inquired about my availability on that date, I would have informed you that I had already made that date available for depositions in another case in which I am handling and, in fact, have depositions scheduled on June 25-27 in that case. However, in the spirit of cooperation, I am writing to inform you that I am available for depositions in this case during the week of July 9, generally, and July 16 and 17. Additionally, despite my numerous written requests for available dates for plaintiff's deposition, I have yet to receive any response from you. Please advise whether plaintiff is available on one of the dates previously mentioned so I may notice her deposition. I look forward to hearing from you promptly.

        Very truly yours,

        *Jennifer L. Anderson*
        Jennifer L. Anderson

JLA/mab

**EXHIBIT G**

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000 • FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com

BATON ROUGE LAFAYETTE NEW ORLEANS WASHINGTON, D.C.

N0684096.1