

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 29 P 4: 06

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | |
| | * | CIVIL ACTION |
| versus | * | |
| | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, | * | |
| CARRERE & DENEGRE, L.L.P., ANDREW | * | SECTION "D" |
| R. LEE, ESQ., THOMAS C. KELLER, ESQ., | * | |
| JOHN DOE, JANE DOE, and ABC | * | MAGISTRATE 5 |
| INSURANCE COMPANY | * | |

---

## MOTION TO COMPEL DISCOVERY RESPONSES, DEPOSITION, FOR EXPENSES AND ATTORNEYS' FEES, AND EXPEDITED CONSIDERATION

---

**NOW INTO COURT**, come Defendants, Jones, Walker, Waechter, Poitevent, Carrere &

Denegre, L.L.P., Andrew R. Lee, and Thomas C. Keller ("Defendants"), and represent to this

Honorable Court that:



DATE OF ENTRY
JUL 1 0 2001

N0576020 1



Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

1.

On June 16, 2000, Defendants propounded their First Sets of Interrogatories and Requests for Production of Documents to Plaintiff. *See* Exhibit 1. Plaintiff's responses were due on or before July 17, 2000.

2.

Plaintiff requested an extension of time to respond to the discovery requests through August 1, 2000, which Defendants granted.

3.

The parties also agreed to a joint discovery conference to be held on August 3, 2000, to discuss any issues or disputes relating to written discovery responses.

4.

On August 1, 2000, Defendants received Plaintiff's discovery responses. The responses provided were incomplete, unresponsive, evasive, and not provided in good faith.

5.

During the August 3 joint discovery conference, Defendants informed Plaintiff's counsel that the responses to their discovery requests were inadequate and the objections thereto invalid.

6.

At the conference, Plaintiff's counsel was also informed that a Motion to Compel would be forthcoming if he failed to respond to Defendants' clearly proper discovery requests.

7.

To date, Plaintiff has failed to fully respond or withdraw the improper objections to Defendants' discovery requests. Rather, instead of responding appropriately to Defendants'

discovery requests, Plaintiff has engaged in a militant pursuit of discovery that Defendants opposed as irrelevant and respectfully maintain has been a needless waste of valuable discovery time.

8.

Defendants have now made available to Plaintiff almost 4,000 pages of discovery and have prepared a privilege log accounting for nearly 1,000 additional privileged documents sought by Plaintiff. In stark contrast, Plaintiff has refused to provide basic discoverable information, such as her income tax returns for the relevant years, her medical history and/or treatment relating to her emotional condition, and her litigation history.

9.

Additionally, despite numerous verbal and written requests from Defendants, Plaintiff has failed thus far to provide any available dates for her deposition.

10.

Plaintiff's refusal to provide Defendants with basic information responsive to their discovery requests or available dates for her deposition, despite Defendants' good faith efforts to cooperate in discovery, has caused Defendants to incur unnecessary expenses and attorneys' fees by repeatedly requesting complete discovery responses and deposition dates, attempting to resolve this discovery dispute, and by having to ultimately file, serve, and pursue this motion.

11.

Therefore, Defendants are entitled to expenses and attorneys' fees in an amount to be specified upon the Court's request.

**WHEREFORE**, Defendants pray that this Court order Plaintiff to respond completely to their First Sets of Interrogatories and Requests for Production of Documents within seven (7) days,

submit to a deposition, and pay Defendants' expenses and attorneys' fees incurred as a result of her unreasonable failure to provide discovery in this matter, and Defendants respectfully request expedited consideration of this motion in light of Plaintiff's excessive delay and the existing scheduling order.

Respectfully Submitted,

*Jennifer L. Anderson*

H. Mark Adams, T.A. (La. Bar Roll No. 02318)
Jennifer L. Anderson (La. Bar Roll No. 23620)
**Jones, Walker, Waechter, Poitevent,
    Carrere & Denegre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile and depositing a copy of same with the United States Postal Service, properly addressed and postage prepaid, this 29th day of June, 2001. New Orleans, Louisiana.

*Jennifer L. Anderson*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | |
| | * | CIVIL ACTION |
| versus | * | |
| | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, | * | |
| CARRERE & DENEGRE, L.L.P., ANDREW | * | SECTION "D" |
| R. LEE, ESQ., THOMAS C. KELLER, ESQ., | * | |
| JOHN DOE, JANE DOE, and ABC INSURANCE | * | MAGISTRATE 5 |
| COMPANY | * | |

## RULE 37.1E CERTIFICATE

Counsel for Defendants certify that they conferred with counsel for Plaintiff by telephone and in writing on numerous occasions since August 1, 2000, for the purpose of attempting to amicably resolve the issues raised in Defendants' motion to compel. Nonetheless, counsel are unable to agree for the reasons set forth in Defendants' motion and memorandum.

*Jennifer L. Anderson*

N0690513.1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | |
| | * | CIVIL ACTION |
| versus | * | |
| | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, | * | |
| CARRERE & DENEGRE, L.L.P., ANDREW | * | SECTION "D" |
| R. LEE, ESQ., THOMAS C. KELLER, ESQ., | * | |
| JOHN DOE, JANE DOE, and ABC INSURANCE | * | MAGISTRATE 5 |
| COMPANY | * | |

## ORDER

Considering Defendants' motion to compel and for expedited consideration:

**IT IS HEREBY ORDERED** that a hearing on Defendants' motion to compel Plaintiff's discovery responses and deposition shall be conducted on the 29th day of June , 2001, at 11:30 o'clock a.m. ~~and that Plaintiff's memorandum in opposition, if any, shall be filed on or before the ____ day of~~ ~~_____, 2001.~~

New Orleans, Louisiana, this 29th day of June , 2001.

_____
UNITED STATES MAGISTRATE JUDGE

N0689600.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN R. MOHAM | * | |
| | * | CIVIL ACTION |
| versus | * | |
| | * | NO. 00-0382 |
| JONES, WALKER, WAECHTER, POITEVENT, | * | |
| CARRERE & DENEGRE, L.L.P., ANDREW | * | SECTION "D" |
| R. LEE, ESQ., THOMAS C. KELLER, ESQ., | * | |
| JOHN DOE, JANE DOE, and ABC | * | MAGISTRATE 5 |
| INSURANCE COMPANY | * | |

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES,
DEPOSITIONS, AND FOR EXPENSES AND ATTORNEYS' FEES

**MAY IT PLEASE THE COURT:**

I.    <u>**Background**</u>

Plaintiff, Ann R. Moham, commenced this action in state court against Defendants, Jones,

Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Andrew R. Lee, and Thomas C. Keller

("Defendants"), on January 27, 2000. Defendants timely removed the action to this Court on

February 17, 2000.  Plaintiff filed a motion to remand, which the Court denied.  Defendants then

N0576020 1

propounded their First Set of Interrogatories and First Set of Requests for Production of Documents

to Plaintiff on June 16, 2000. Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses

were due on or about July 17, 2000.  On July 25, 2000 Plaintiff requested an extension of time to

respond to the discovery requests through August 1, 2000.  Defendants' granted Plaintiff's request.

 Defendants received Plaintiff's discovery responses on August 1, 2000. However, Plaintiff objected

to every single interrogatory and all but one of Defendants' requests for production of documents,

refused to respond to most of the discovery requests, and produced only incomplete and evasive

responses to others.  Defendants informed Plaintiff that her discovery responses were inadequate and

her objections unfounded in a discovery conference held on August 3, 2000.  However, Defendants'

good faith effort to resolve this dispute with Plaintiff and without Court involvement was unfruitful.

Plaintiff's willful failure to provide information responsive to Defendants' discovery requests, which

is clearly discoverable under the Federal Rules of Civil Procedure, has unnecessarily wasted valuable

discovery time and necessitated this discovery motion.


**II.**    **Law and Argument**

**A.**    **Plaintiff's Improper Objections and Incomplete and Evasive Responses Violate Rule 37.**

Federal Rule of Civil Procedure 37(a)(2)(B) provides, in pertinent part:

> If a party fails to answer an interrogatory submitted under
> Rule 33, or if a party, in response to a request for inspection
> submitted under Rule 34, fails to respond that inspection will be
> permitted as requested or fails to permit inspection as requested, the
> discovering party may move for an order compelling an answer, or a
> designation, or an order compelling inspection in accordance with the
> request. . . .   For purposes of this subdivision an evasive or
> incomplete disclosure, answer, or response is to be treated as a failure
> to disclose, answer or respond.

Rule 37(a)(4) also entitles any discovering party whose motion is granted to "reasonable expenses, including attorney's fees," from the party "whose conduct necessitated the motion." An award of expenses and attorney's fees under Rule 37(a)(4) is "mandatory" unless the Court finds that (1) the discovering party did not make a good faith effort to obtain the discovery without Court action, (2) the nondisclosure was substantially justified, or (3) other circumstances make the award unjust. *Merritt v. International Brotherhood of Boilermakers,* 649 F.2d 1013, 1015 (5th Cir. 1981); Fed. Rule Civ. Proc. 37(a)(4)(A). Moreover, such sanctions are appropriate absent prior entry of a discovery order when a party simply fails to respond to interrogatories or requests for production. Fed. Rule Civ. Proc. 37(d) ("[i]n lieu of any order or in additional thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an aware of expenses unjust").

Defendants clearly made a good faith effort to obtain responses to their discovery requests without Court involvement by conferring with Plaintiff's counsel about each improper objection and incomplete or evasive response. Plaintiff has failed to provide any legal support or justification for her failure to provide responses to the most basic discovery requests. Instead, Plaintiff has embarked on a militant pursuit of voluminous documents that Defendants respectfully maintain are irrelevant to this action. Indeed, Plaintiff pursued a motion to compel such information from Defendants and audaciously charged them with "bad faith" despite her own discovery failures and abuses. Defendants succeeded in demonstrating that a vast majority of the discovery Plaintiff sought

related to a facially time-barred claim.[1]  Moreover, the Court granted Plaintiff's motion to compel only as to one discovery request and restricted its scope in time and substance, demonstrating that Plaintiff's discovery requests exceeded the scope of permissible discovery.

At a minimum, defendants are entitled to the reasonable expenses and attorneys' fees associated with the preparation and filing of this motion and their attorneys' participation in any subsequent conferences or hearings that may occur in connection with this motion. Upon request by the Court, Defendants' counsel will provide appropriate documentation of such reasonable expenses and attorney's fees.

## B.    Plaintiff's Objections to Defendants' Discovery Requests Are Unfounded and Improper.

Plaintiff has objected to every single interrogatory and request for production in Defendants' First Set of Interrogatories and Requests for Production of Documents.   Specifically,  Plaintiff objected to Interrogatory Nos. 3, 4, 5, 8, 17, and 18, and Request for Production Nos. 1, 3, 4, 10, 15, 16, and 17 ostensibly because that these requests are "harassing and unduly burdensome in that [they] seek information that is the subject matter of defendant, Jones, Walker's . . . and thus already within the purview and possession of said defendant."

The discovery requests at issue are entirely legitimate and seek only the identification of information that Plaintiff believes support the allegations made in her own Complaint.  It is well settled that parties are entitled to request the identification of facts, witnesses, and evidence through written discovery requests.  Moreover, it is also well settled that the discovery of information known to the discoverer or in its possession is permissible. *EEOC v. General Dynamics*, 999 F.2d 113 (5th

---

[1]  The Court granted Defendants' motion for partial summary judgment and dismissed Plaintiff's wage disparity claim on October 2, 2000.

Cir. 1993). Thus, Plaintiff's objections to the aforementioned discovery requests are unfounded and she should be compelled to answer them in their entirety.

Plaintiff also objects to Interrogatory Nos. 1, 2, 4, 5, 6, 7, 11, 17, and 18, and Request for Production Nos. 2, 5, 6, 8, 17, and 21 on the grounds that such requests are "an improper use of discovery, overly broad, unduly burdensome, and premature in that it improperly seeks to substitute written interrogatories for depositions." Again, this objection is completely unfounded. The discovery requests at issue do not require the Plaintiff to provide an essay or dissertation on her view of the case. These requests merely seek the identification of facts, witnesses, and evidence pertaining to Plaintiff's own claims, information regularly and customarily obtained through initial written discovery requests.

Finally, Plaintiff objects to Interrogatory Nos. 9 and 10 and Request for Production No. 7 because, in her words, they "attempt to redefine, both factually and legally, the meaning of certain words and phrases, as worded in plaintiff's interrogatory." This objection is misplaced and absurd. Again, these discovery requests are legitimate as they merely request the identification of facts, witnesses, and evidence supporting the allegations set forth in Plaintiff's own Complaint. Accordingly, Plaintiff should be compelled to provide complete responses to these discovery requests.

**C.     Plaintiff Is Withholding Information About Her Medical History in Bad Faith.**

Plaintiff objects to Interrogatory Nos. 12 and 13 and Request for Production No. 18 on the basis that these discovery requests seek information protected by the physician/patient privilege. The law in this area is clear. There is no physician/patient privilege under federal law, and any privilege that exists under Louisiana state law was waived when the Plaintiff put her medical history at issue

in the case by claiming that she suffered emotional distress as a result of alleged conduct by Defendants. *Gilbreath v. Guadalupe Hosp. Foundation,* Inc., 5 F.3d 785, 791 (5th Cir. 1993). *United States v. Quorom Health Resources, Inc.*, 1999 WL 7900 (E.D.La.1999); *Moore v. Cabaniss*, 699 So.2d 1143 (La.App. 2d Cir. 1997) (plaintiff's claim for emotional distress acts as a waiver authorizing discovery of his medical records.)

In this case, Plaintiff claims she suffered severe psychological and emotional stress and damages as a result of the events alleged in her Complaint. Therefore, Defendants are entitled to an order compelling the information requested about Plaintiff's medical history and execute the attached medical release authorizing Defendants to obtain her medical records.

**D.    Defendants Are Entitled to Discovery of Plaintiff's Employment and Litigation History.**

Plaintiff objects to Interrogatory Nos. 14, 15, 16, and 18, and Request for Production Nos. 13 and 20, on the basis that these discovery requests seek irrelevant information. The information sought is highly relevant to the issues of mitigation damages of Plaintiff's credibility. This information is standard discovery in employment discrimination cases and Plaintiff must respond fully to these discovery requests.

**E.    Defendants Are Entitled to Plaintiff's Income Tax Records.**

Plaintiff objects to Request for Production Nos. 14 and 16 on the basis that such information is allegedly irrelevant and outside the time period subject to this litigation. Again, Plaintiff's objections are baseless. The Fifth Circuit has unequivocally held that tax returns are discoverable in racial discrimination lawsuits. *Morton v. Harris*, 628 F.2d 438 (5th Cir. 1980). The information sought is relevant to the issue of whether Plaintiff has mitigated her alleged damages. The request

is appropriately limited to Plaintiff's tax records from the year of her termination, 1999, to the present.

**F.    Defendant Are Entitled to the Information Sought in Request for Production No. 19.**

Request for Production No. 19 seeks all documents, business records, and files (whether physical or electronic in form) obtained by Plaintiff from Jones Walker, or any of its partners or employees, with or without permission, any time before, during, and/or after her employment with Jones Walker. Plaintiff objected to this discovery requests as being overly broad and vague. In this case, Plaintiff attached to her Complaint a copy of an e-mail she obtained from Jones Walker during her employment. As such documents form the basis of her alleged claims, Defendants are entitled to discovery of all such documents in her possession, not just those Plaintiff herself deems it appropriate to produce. In an employment discrimination case, documents removed by the employee from the workplace during employment may certainly lead to the discovery of admissible evidence and must be produced.

**G.    Plaintiff Has Refused to Provide Available Dates For or Submit to a Deposition.**

As explained in detail in Defendants' memorandum in opposition filed June 27, 2001, in response to Plaintiff's second motion to compel, Plaintiff has persistently refused to respond to Defendants' numerous verbal and written requests for available dates for her deposition. In the interest of brevity, Defendants incorporate their memorandum in opposition herein by reference and refer the Court to the arguments therein and exhibits attached thereto documenting Defendants' efforts to obtain Plaintiff's deposition. Defendants are undeniably entitled to Plaintiff's deposition and she should be compelled to submit to same.

## III.    <u>Conclusion</u>

Plaintiff should be ordered to respond to Defendants' written discovery requests seeking information fundamentally related to the claims she has asserted in this action. Plaintiff should also be ordered to submit to a deposition. Defendants have consistently cooperated in the discovery process, only to meet with Plaintiff's refusal to provide any information at all to Defendants and her uncooperative and militant pursuit of discovery from Defendants. To date, Defendants have provided nearly 4,000 documents requested by Plaintiff and have prepared a privilege log identifying nearly 1,000 privileged documents, but Defendants simply have not been accorded the same level of courtesy and cooperation. Under these circumstances, particularly Plaintiff's willful refusal to provide clearly discoverable information or her deposition during the last nine months, Defendants are entitled to expenses and reasonable attorneys' fees incurred as a result of Plaintiff's conduct in discovery.

Respectfully submitted,

H. Mark Adams, T.A. (#02318)
Jennifer L. Anderson (#23620)
**Jones, Walker, Waechter, Poitevent,**
**Carrere & Denegre, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed this 29th day of June, 2001. New Orleans, Louisiana.

*Jennifer L. Anderson*

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED